# James B. Shaw et al., Plffs. in Err., *v.* George M. Fleming.

In an action for the price of worsted yarn sold and delivered, an affidavit of defense is sufficient if it alleges that in the sale of the yarn the defendant merely acted as a broker for the plaintiffs, that the yarn was not like the samples, but was lumpy and full of fine threads and occasioned loss of production and imperfect goods, and that the plaintiffs on ascertaining the facts induced the third person to whom the yarn was sold to keep and use it, and for that purpose promised an allowance for loss resulting from its use.

(Argued January 27, 1888. Decided February 20, 1888.)

NOTE.—Upon the affirmance of this judgment, issue was joined, and a verdict was rendered for the defendant. Upon appeal, the lower court was reversed. Shaw v. Fleming, 143 Pa. 104, 22 Atl. 816. On the second trial a judgment was entered for the defendant, which was affirmed, 174 Pa. 52, 34 Atl. 555.

January Term, 1888, No. 127, E. D., before Gordon, Ch. J., Paxson, Sterrett, Green, Clark, and Williams, JJ. Error to Common Pleas No. 1 of Philadelphia County to review a judgment discharging a rule for judgment for want of a sufficient affidavit of defense in an action of assumpsit. Affirmed.

This was an action of assumpsit begun October 15, 1876, by James B. Shaw and Owen L. Broadbent, trading as Richard Kershaw & Company, against George M. Fleming.

The plaintiffs filed a statement under the act of May 25, 1887, consisting of copy of their book or original entries, to recover for worsted yarns sold and delivered in February and March, 1887, in amounts and on the respective dates therein set forth, amounting in the aggregate to $5,422.14, with interest thereon from the respective dates of delivery as therein set forth. The statement set forth that the goods were sold to the defendant and charged to him in the plaintiffs' book entries, and also showed allowances to him of 2 per cent discount for cash on sundry bills, and 4 per cent discount on sundry other bills.

The defendant filed an affidavit of defense in these words:

"I have a just and true defense to the whole of plaintiffs' claim of the following nature and character, to wit: In this whole transaction I only acted as broker for Richard Kershaw & Company, the plaintiffs above named. I sold all the items mentioned by plaintiffs in this case upon a brokerage of 2 per cent. The goods were sold under the following circumstances: John W. Brook, agent at Pomeroy, Chester county, Pennsylvania, gave me several orders for worsted yarn sometime in January and February, 1887, according to samples furnished. I placed said orders with the plaintiff in this suit. The merchandise set out in the plaintiffs' statement was furnished in pursuance of said orders. Mr. Brook made complaints to me that the yarns were not according to the samples; that it was lumpy, full of fine threads, and occasioned loss in production and imperfect goods. I immediately notified the plaintiffs of these complaints. Mr. Shaw of the plaintiffs' firm, in company with this deponent, visited Mr. Brook's factory, examined the yarn and the goods made from the yarn furnished by the plaintiffs; he admitted that the yarn was not in accordance with the samples, and was not right, and was not up to the sample furnished. Mr. Brook told him then and there and repeated it

again, that he would cut off the yarn then on the looms and return it with the material furnished to him, the plaintiff, and hold him, the plaintiff, responsible for all the losses he had suffered. Mr. Shaw then directed him not to do that, and agreed with Brook that the latter should go on and work up all the yarn and get all out of it he could, and if he, Brook, suffered any loss, the plaintiffs' firm would make him an allowance for it; and told him that all future shipments of yarn should be up to the samples furnished.

"Mr. Brook proceeded to work up the material then on hand as well as the material subsequently furnished, which was no better than the first shipments, in accordance with the order and direction of the plaintiffs. The said Brook has endeavored to sell the cloth made from the yarn furnished by the plaintiffs, and large quantities which had been sold by sample by Mr. Brook have been returned to him because of the defective material; and a large part of said cloth still remains unsold. No allowance has ever been made the said Brook, as Mr. Shaw of the plaintiffs' firm had agreed upon; and Mr. Brook now claims that if the proper allowances are made him by the said plaintiffs, as agreed upon by said plaintiffs, for his losses, on account of the defective and imperfect yarn, the same not being up to the sample, then that there will be nothing due by him to the plaintiffs. Mr. Shaw was there repeatedly with this defendant, and also once with his manager; and the reason I took him with me was that the yarn kept running bad nearly all the time. It was in consequence of complaints that Mr. Brook made to me that I took him there. Each time Mr. Shaw admitted that the yarn was not right but that it would get better. It never did get any better. It was lumpy and full of fine threads, and run in twists from seven to twenty turns. If it had been up to sample, it would have had about fourteen turns to the inch. And the colors run on the dyed yarn. And the yarn from not being twisted right would break out in the goods. The only reason Mr. Brook continued to take the yarn was because Mr. Shaw of the plaintiffs' firm directed him to do so, and directed him to go on with it and work it up, except some spools of yarn that Mr. Shaw said not to work; and Mr. Brook answered that he would have to use some of it to work out what was in the looms. Then Mr. Shaw directed him to use what was necessary. In working up the yarn it became necessary to use

these spools.    All of which foregoing facts the defendant ex-
pects and believes that he will be able to prove upon the trial
of this cause."

The court below discharged a rule for judgment for want of
a sufficient affidavit of defense, and this was assigned as error.

*William S. Divine* and *Samuel B. Huey,* for plaintiffs in er-
ror.—The defense, in so far as it rests upon the naked averment
in the affidavit that the defendant only acted as a broker in the
transaction for a commission of 2 per cent, is insufficient.

An affidavit of defense should exhibit facts on which the law
may be pronounced with such reasonable certainty as to ex-
clude the possibility of evasion or duplicity, and should leave
nothing to inference as to the facts which may be necessary to
establish a defense.   The defendant should omit no element
necessary to constitute a legal answer to plaintiffs' demand.
Ogden v. Offerman, 2 Miles (Pa.) 41.

If defendant acted as broker, he is bound to set out the al-
leged contract of brokerage in full.   Brown v. Rogers, 3 W. N.
C. 12.

The defense, so far as it depends upon the allegation of the
defendant that the yarn was not in accordance with the samples
furnished, is insufficient.

The yarn was sold and delivered prior to the passage of the
act of April 13, 1887, making sale by sample an implied war-
ranty of quality.   As the law then stood a sale by sample
carried with it no implied warranty that the quality of the
goods should be in accordance with sample furnished.   Boyd
v. Wilson, 83 Pa. 325, 24 Am. Rep. 176; Coulston v. City Nat.
Bank, 4 W. N. C. 297; Selser v. Roberts, 105 Pa. 242; Sauger
v. Johnston, Supreme Court, E. D. No. 209, January Term,
1883, M. S; Roebling v. Brown, 9 W. N. C. 170.

The claim of set-off is insufficient.   Louchheim v. Becker, 3
W. N. C. 449; Hopple v. Bunting, 3 W. N. C. 472.

*George B. Carr,* for defendant in error.—It was fair for de-
fendant to assume that the yarn was at least merchantable, and
that it would answer the purpose for which it was sold.   Boyd
v. Wilson, 83 Pa. 325, 24 Am. Rep. 176.

A sale by sample is for the jury, and such sale when made
is an engagement to deliver goods, corresponding to the sample.

Boirne v. Dord, 5 N. Y. 95, 55 Am. Dec. 321; and Hargous v. Stone, 5 N. Y. 73.

As to the test of sufficiency of an affidavit of defense, see Thompson v. Clark, 56 Pa. 33; 39 Pa. 64; Eyre v. Yohe, 67 Pa. 477; Kaufman v. Cooper Iron Min. Co. 105 Pa. 537; Noble v. Kreuzkamp, 111 Pa. 68, 2 Atl. 419; Peck v. Jones, 70 Pa. 83; Brick v. Coster, 4 Watts & S. 494; Bryar v. Harrison, 37 Pa. 233; Hunter v. Reilly, 36 Pa. 509; Selden v. Neemes, 43 Pa. 421; 77 Pa. 383; Schultz v. Wilde, 7 W. N. C. 212; Badger v. McKay, 9 W. N. C. 528; Gould v. Bush, 13 W. N. C. 29; Scheppers v. Stewart, 11 W. N. C. 106.

An affidavit is sufficient if the contents being proven upon the trial of the cause would constitute a substantial defense. 3 W. N. C. 512.

Although in Pennsylvania a sale by sample is only a guaranty that the article to be delivered shall follow its kind and be merchantable, yet a stipulation that future deliveries will equal the sample may become a term of the contract, and be enforced as such. It is then unnecessary to determine whether the stipulation is a warranty or a condition. West Republic Min. Co. v. Jones, 108 Pa. 55.

A manufacturer who uses materials in the belief that they are such as he ordered, and the plaintiff agreed to furnish, is entitled to compensation for the failure of the process in consequence of their inferiority, or difference in quality or kind. Hare, Sales, p. 541. See also Bagley v. Cleveland Rolling Mill Co. 22 Blatchf. 342, 21 Fed. Rep. 159.

PER CURIAM:

We agree with the court below, that the defendant's affidavit sets out a good defense, and that if the facts therein stated are proved they should be submitted to a jury.

The judgment is affirmed.